# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ANGELA RENEA McGHEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17CV00024 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **NANCY A. BERRYHILL,** ) | By: James P. Jones |
| **ACTING COMMISSIONER** ) | United States District Judge |
| **OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Edward A. Wicklund, Syracuse, New York, and John Osborne Goss, Norfolk, Virginia, for Plaintiff; James A. McTigue, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendations of the magistrate judge.

Angela Renea McGhee challenges the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 26-page report on October 12, 2018, in which she

recommended that the court affirm the Commissioner's decision denying benefits on the ground that the plaintiff was not disabled within the meaning of the Act. On October 26, 2018, the plaintiff filed objections to the report, which objections are now ripe for decision, the Commissioner not having filed a response.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

In her objections, the plaintiff contests the finding of the administrative law judge ("ALJ") that the plaintiff had the residual functional capacity to perform simple, routine, unskilled light work under certain conditions. The plaintiff argues that there was not substantial evidence supporting this finding and that the ALJ erred in discounting evidence to the contrary. In particular, it is contended that the

ALJ failed to conduct a function-by-function analysis regarding the plaintiff's ability to walk and stand when determining her residual functional capacity. Pl.'s Objs. 3, ECF No. 22.

Based upon my careful consideration of these objections, the record, and the arguments of plaintiff's counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings, which were in accord with relevant case precedent. Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, ECF No. 22, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 21, are fully ACCEPTED;

3. The Commissioner's Motion for Summary Judgment, ECF No. 19, is GRANTED; and

4. Judgment will be forthwith entered.

    ENTER: November 14, 2018

    /s/ *James P. Jones*
    United States District Judge